EDWIN JOSEPH HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 18060-89
United States Tax Court
T.C. Memo 1991-62; 1991 Tax Ct. Memo LEXIS 81; 61 T.C.M. (CCH) 1906; T.C.M. (RIA) 91062; February 20, 1991, Filed *81 Decision will be entered for the respondent. Edwin Joseph Harris, pro se. Susan S. Canavello, for the respondent. SHIELDS, Judge. SHIELDS
MEMORANDUM OPINION This matter is before us at this time on respondent's motion for summary judgment under Rule 121 that there is a deficiency in income tax plus additions to tax due from petitioner for 1983 as follows: Additions to Tax Under Sections Deficiency
6653(b)(1) [1]
6653(b)(2) 6661 $ 7,133
$ 3,869
*
$ 1,783
In a notice of deficiency dated April 14, 1989, respondent determined a deficiency in and additions to petitioner's Federal income tax for 1983 as follows: Additions to Tax Under Sections
Deficiency
6653(b)(1) 6653(b)(2)
6661
$ 10,581
$ 5,593
*
$ 2,645
*82 With a letter which was filed by the Court as a petition, and in a subsequent amended petition, petitioner sought a redetermination of respondent's determination. In his answer to the amended petition, respondent claimed increases in the deficiency and in the additions to tax to the following amounts: Additions to Tax Under Sections
Deficiency
6653(b)(1)
6653(b)(2)
6661
$ 14,416.20
$ 7,510.60
*
$ 3604.00
In his answer, respondent also asserted as an alternative to the additions to tax for fraud under section 6653(b)(1) and (2) the additions to tax for negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2). Petitioner did not file a reply to respondent's answer and consequently on February 26, 1990, we granted a *83 motion by respondent that the affirmative allegations set forth by respondent in paragraph 7 of his answer be deemed admitted by petitioner. ; Rule 37(c). The affirmative allegations are incorporated herein by reference. On July 6, 1990, respondent served upon petitioner a request for admissions pursuant to Rule 90 of substantially the same facts alleged by respondent in paragraph 7 of his answer. Petitioner failed to reply to respondent's request for admissions. Therefore, the facts set forth therein are deemed admitted and conclusively established. , affd. ; ;Rule 90(c) and (f). The requested admissions are incorporated herein by reference. Respondent's motion for summary judgment was filed on September 4, 1990, and by orders dated September 14, 1990, and October 30, 1990, petitioner was directed to file a response. No response was filed and when respondent's motion for summary judgment was calendared for hearing petitioner failed *84 to appear or file a written statement in lieu of appearance as permitted by Rule 50(c). Under Rule 121(b) a summary judgment may be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, such as affidavits, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. The burden of proving that there is no genuine issue of material fact is on the moving party, and any factual inference will be drawn in a manner most favorable to the party opposing the summary judgment. ; . The burden of proof with respect to the deficiency and the addition to tax under section 6661 is upon petitioner. In this regard we note that respondent in his answer asserted increases in the deficiency and the additions to tax. However, the amounts sought by respondent in his motion are less than the amounts determined by respondent in the deficiency notice. Rule 142(a). In view of petitioner's failure to come forward with any evidence it is obvious that *85 he has failed to carry his burden. Furthermore, the deemed admissions clearly indicate that the deficiency and the addition to tax under section 6661 in the reduced amounts now claimed by respondent are correct and that a decision with respect to them can be rendered as a matter of law. With respect to the additions to tax for fraud respondent has the burden of proof. Sec. 7454(a); Rule 142(b). He can meet the burden of proof. Sec. 7454(a); Rule 142(b). He can meet the burden by showing with clear and convincing evidence that there was an underpayment of tax by petitioner in 1983 and that petitioner engaged in conduct intended to conceal, mislead, or otherwise prevent the collection of tax known to be owing. . Whether part of an underpayment of tax is due to fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion . Fraud is never imputed or presumed. . Respondent, however, *86 may rely on deemed admissions to establish fraud. ; . In the instant case, the deemed admissions clearly and convincingly establish that during 1983 petitioner owned and operated an insurance agency from which he knowingly received and failed to report taxable income of over $ 14,000; that on such income he knowingly incurred and failed to pay income tax in the amount of more than $ 7,000; and that he failed to maintain or produce for inspection by respondent's agents accurate books and records of his income producing activities. We conclude, therefore, that respondent has carried his burden of proving fraud by clear and convincing evidence and that a decision with respect thereto can be rendered as a matter of law. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 7,133. ↩
*. 50% of the interest due on $ 10,581.↩
*. 50% of the interest due on $ 14,416.20.↩